**FILED**
**U.S. District Court**
**District of Kansas**
07/23/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NICHOLAS ROBERT STROBEL,**

    **Plaintiff,**

    **v.**                        **CASE NO. 26-3211-JWL**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Nicholas Robert Strobel brings this pro se case under the Federal Tort Claims Act. Plaintiff is incarcerated at Marion-FCI in Marion, IL.  The Court granted Plaintiff leave to proceed in forma pauperis and assessed an initial partial filing fee of $17.50.  (Doc. 4.)  The fee is currently due by August 10, 2026.  *Id.*  This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 3) and Motion for Extension of Time to Pay Initial Partial Filing Fee (Doc. 5).

**I.  Motion for Extension of Time (Doc. 5)**

Plaintiff seeks an extension of time to August 24, 2026, to submit his initial partial filing fee.  The Court grants the motion.  The deadline for Plaintiff to submit his initial partial filing fee of $17.50 is extended to August 24, 2026.

**II.  Motion for Appointment of Counsel (Doc. 3)**

Plaintiff has filed a motion seeking appointment of counsel (Doc. 3).  Plaintiff argues that he is indigent, he has not received confirmation that his legal mail was mailed out, the staff misconduct is complex, and he has been unable to find any case law to guide him.  (Doc. 3, at 2.)

The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  "Rather, a court has discretion to *request* an attorney to represent a litigant who

is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Extension of Time (Doc. 5) is **granted.** The deadline for Plaintiff to submit his initial partial filing

fee of $17.50 is extended to **August 24, 2026.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated July 23, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**